## BROWN vs. THE STATE.

[INDICTMENT FOR FAILING TO RENDER TAX LIST.]

1. §§ 103 and 105, *Revenue Law of 22d February,* 1866.—The omission to include in a tax list, any particular piece of property, is not a violation of § 105 of the Revenue Law of 22d February, 1866. It is a violation of § 103 of said law, provided the omission was knowingly made, and there was an intent to defraud the State or county.

APPEAL from the Circuit Court of Blount.
Tried before Hon. W. J. HARRALSON.

THIS indictment was found at the August term, 1866, of said court, and charged, " that before the finding of this indictment Andrew Brown, being a tax payer in said county of Blount, did fail to render list of his taxable property within fifteen days after personal demand by the assessor,

against the peace," &c. The defendant pleaded not guilty; on issue joined, the jury found the defendant guilty, and assessed a fine of ten dollars. As the bill of exceptions states, "the State introduced the tax assessor for this county, who testified that in the month of June, 1866, the defendant met him at his precinct, and after giving in his taxes, the witness asked him (defendant) if he did not have a pistol; defendant said there was one at his house, in Jefferson county, that belonged to his son, who was a minor. Defendant objected to this testimony, under the indictment. The court overruled the objection, and defendant excepted. There was other testimony introduced, tending to show that the pistol was given to his son, who was a minor at or near the time when the demand was made; that the son had sent it into Jefferson county to get it repaired; that the smith said it was worthless, and could not be repaired." This was all the evidence that was offered. The court charged the jury, "that if the pistol was the defendant's, that it was not necessary that he should have the actual possession. But if he had loaned it, or sent it off for any purpose, temporarily, that was sufficient possession; and that if they believe that the son was a minor, that raised the presumption that the pistol was the property of the father, and that proof must be rebutted by the defendant, and that unexplained by rebutting testimony, the father was liable for taxes on said pistol;" and to this charge the defendant excepted.

WM. S. ERNEST, for appellant.

JNO. W. A. SANFORD, Attorney-General, *contra*.

A. J. WALKER, C. J.—The delinquency of the defendant charged in the indictment is attributed to the violation of a clause of the Revenue Law of 22d February, 1866. § 105 of that law defines the offense of failing to render a list of taxable property.—Pamphlet Acts of 1865 and 1866, p. 35. Under this section it is not necessary to aver or prove a positive fraudulent intent. Under it the accused is indicted.

§ 103 of the same act defines the offense of knowingly

rendering a false or fraudulent tax list for the purpose of defrauding the State or county.

The defendant is stated in the bill of exceptions to have rendered a list of taxable property at the proper time and to the proper officers. It seems, however, that he did not put into the list rendered a pistol, supposed to have been properly taxable against him. If this was so, he could not be legally convicted under the present indictment, for it is not framed under a statute which touches the offense of rendering a false list. The omission to include in a tax list any particular piece of property, is not a violation of § 105. It is a violation of § 103, provided the omission was knowingly made, and there was an intent to defraud the State or county. The court erred in not excluding testimony, as requested by the defendant.

Aside from the above considered point, the court erred in instructing the jury, that the minority of a son to whom a pistol had been given, created the presumption of property in the father. The father is not the owner of the son's property. § 16 of the act above cited authorizes the assessment of property to the person owning or having it in possession on the first day of March. The charge of the court would have authorized the jury to find the defendant subject to assessment as the owner, although he was not in possession on the first day of March.

We do not think, upon the evidence before us, the defendant can be legally convicted; but we think it the safer course to remand the case.

Reversed and remanded.